UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Allan Rainey, #336389, | ) C/A No.: 9:10-2525-JFA-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Shirley Singleton, DHO; Rosita Thomas, LPN; Doctor Thomas Byrnes, M.D., | ) |
| Defendants. | ) |

Plaintiff, a prisoner proceeding *pro se*, has filed this matter pursuant to 42 U.S.C. § 1983. Plaintiff challenges a conviction and sentence which arose from a prison disciplinary proceeding wherein the plaintiff was charged with "threatening to inflict harm on staff." After a hearing before a Disciplinary Hearing Officer (DHO) the plaintiff was found guilty of the offense.

Plaintiff denies threatening anyone, and states he threatened to file a lawsuit against defendants Thomas and Byrnes because his wrist was in pain. Plaintiff maintains these defendants were denying him medical care. Plaintiff currently has a pending lawsuit in this court alleging deliberate indifference to his medical needs concerning his wrist. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Based on his conviction before the DHO, plaintiff lost "good time" credit and seeks to have it restored.

Under established local procedure in this judicial district, a careful review has been made of



the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Public L. No. 104-134, 110 Stat. 1321 (1996). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff asks for the restoration of his "good time" credits, however, this relief may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). Plaintiff has filed this complaint pursuant to 42 U.S.C.§ 1983. Therefore, he cannot obtain the relief he seeks.

Furthermore, even if plaintiff had filed a habeas action, the claims which he raises cannot be



heard by a District Court until the plaintiff has *fully* exhausted his **state** remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)("To satisfy the exhaustion requirement, a petitioner seeking habeas relief must fairly present his claim to the state's highest court.").

In order to fully exhaust state court remedies the plaintiff must first utilize his prison administrative remedies. Thus, the plaintiff must fill out a Step 1 grievance form about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within 15 days of receipt of the decision of the Disciplinary Hearing Officer. The Warden will respond to the grievance in writing no later than 30 days from the filing of the Step 1 grievance. If the plaintiff is not satisfied with the Warden's response, the plaintiff may file an appeal of his Step 1 grievance by filing a Form 10-5a, Step 2 grievance, with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have 60 days to respond to the Step 2 grievance. These administrative remedies must be satisfied before a plaintiff can avail himself of his state court remedies. *See Al-Shabazz v. S.C.*, 338 S.C. 354, 527 S.E.2d 742 (S.C. 2000)(inmate may seek review of Department's final decision in an administrative matter under the APA); and *Sullivan v. SCDC*, 355 S.C. 437, 586 S.E. 2d 124 (S.C. 2003)(denial of a liberty interest entitled to review by Administrative Law Judge).

After Step 2, if the plaintiff is still not satisfied with the Step 2 resolution of the matter, the plaintiff must file an appeal with the ALC in compliance with S.C. Code Annotated §1-23-610, known as the Administrative Procedures Act (APA), and *Shabazz*, *supra*. If the appeal to the ALC is denied, the plaintiff must again appeal. Since SCDC is one of the single director agencies squarely subject to sub-section (B) of that Act, final decisions of the ALC go to a state's higher court.

Thus, a plaintiff must appeal a final decision of the ALC to the *Court of Appeals* pursuant



to S.C. Code Section 1-23-380 and the South Carolina Appellate Court Rules.[1] Once the appeal to the South Carolina Court of Appeals has concluded, the petitioner may file a habeas petition in the District Court for the District of South Carolina.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Bristow Marchant
United States Magistrate Judge

November 18, 2010
Charleston, South Carolina

---

[1] Under S.C. Code Ann. §1-23-380(A)(1), a notice of appeal must be served and filed within thirty days after the final agency decision, or if rehearing is filed, within thirty days after a decision is rendered. Under S.C. Code Ann. §1-23-610(B), the notice of appeal must be served and filed within thirty days of receipt of the decision of the administrative law judge. The Court previously construed similar language in §1-23-380(A)(1) to mean that the time to appeal runs from receipt rather than issuance of the agency decision. *See Hamm v. SCPSC*, 287 S.C. 180, 336 S.E.2d 470 (S.C. 1985)(legislature intended the time to appeal under the Act to run from receipt of the administrative decision). *See also State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002)(where collateral review of state court convictions is concerned, no need to go through petition for *certiorari* to state supreme court to fully exhaust state remedies).



*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).